IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-01466-LTB-MJW

SUSIE CHAVARIA,

       Plaintiff,

v.

PEAK VISTA COMMUNITY HEALTH CENTERS, a Colorado nonprofit corporation,

       Defendant.
_____

ORDER
_____

       This sexual harassment case is before me on Motion to Strike Defendant's Affirmative Defenses filed by the Plaintiff, Susie Chavaria ("Chavaria") [**Doc # 5**]. In this motion, she seeks to strike the affirmative defenses pled by the Defendant, Peak Vista Community Health Centers, a Colorado Nonprofit Corporation ("Peak Health"), on the basis that they are either legally or factually insufficient. Oral arguments will not materially aid in the resolution of this motion. After consideration of the law and the parties' briefing, I DENY the motion to strike.

## I. BACKGROUND

       In her complaint, filed on July 11, 2008, Chavaria alleges that she was sexually harassed by a co-worker, who later became her supervisor, while she was employed as a housekeeper with Peak Vista. As such, she asserts claims of: (1) Sexually hostile work environment and constructive discharge in violation of 42 U.S.C. § 2000e-2; (2) Retaliation in violation of 42 U.S.C. § 2000e-3(a); (3) Intentional/Reckless Infliction of Emotional Distress; and (4) Negligent/Reckless Retention/Supervision.

In its answer to the complaint, filed on September 22, 2008, Peak Vista alleges the following nine affirmative defenses: (1) Plaintiff's Complaint fails to state a claim upon which relief may be granted; (2) Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches; (3) Plaintiff has failed to mitigate her damages, if any; (4) Plaintiff's requests for compensatory and punitive damages are subject to statutory caps; (5) Any action by Defendant with regard to Plaintiff was not engaged in with malice or with reckless indifference to Plaintiff's federally protected rights; (6) All actions taken by Defendant in relation to Plaintiff were simply Defendant exercising its legal rights with regard to Plaintiff; (7) Plaintiff was contributorily or comparatively negligent; (8) Plaintiff's claims are barred by the doctrine of after-acquired evidence; and (9) Plaintiff's damages were caused by third parties over whom Defendant had no
right to control.

## II. MOTION TO STRIKE

As an initial matter, I note that in her reply in support of her motion, Chavaria concedes that Peak Vista's first affirmative defense is legally sufficient pursuant to the applicable case law and, as such, she withdraws her objection to Peak Vista's affirmative defense for failure to state a claim upon which relief can be granted. Chavaria objects to the remainder of Peak Vista's affirmative defenses, however, on the basis that they are merely conclusory statements that lack any factual grounds and which do not give fair notice of the defense.

Although an affirmative defense is subject to a motion under Fed R. Civ. P. 12(f), motions to strike are a severe remedy. *Sender v. Mann,* 423 F.Supp.2d 1155, 1163 (D.Colo. 2006)*(citing Federal Deposit Ins. Corp. v. Isham,* 782 F.Supp. 524, 530 (D.Colo. 1992)). A

defense should not be stricken "if there is any real doubt" about its validity, and "the benefit of any doubt should be given to the pleader." *Id. (quoting Bobbitt v. Victorian House, Inc.,* 532 F.Supp. 734, 736 (N.D.Ill. 1982)).

In support of her claim that the affirmative defenses should be stricken on the basis that they do not allege sufficient facts to provide support for the relevant elements of the defense, Chavaria refers me to district court cases she alleges require a defendant to plead factual grounds in support of his or her affirmative defenses. *See Surface Shields, Inc. V. Poly-Tak, Protections, Inc.*, 213 F.R.D. 307 (N.D. Ill 2003); *Williams v. Continental Stock Transfer & Trust Co.,* 1 F.Supp.2d 836 (N.D. Ill 1998); *D.S. American (East), Inc. v. Chromagrafx ImagSys, Inc.*, 873 F.Supp. 786, 797 (E.D. N.Y. 1995).

To the extent that an argument can be made that the cases cited require that a defendant plead facts supporting its affirmative defenses, I find them unpersuasive. Rather, all that is required is that a defendant "state in short and plain terms its defenses to each claim asserted against it" pursuant to Fed. R. Civ. P. 8(b)(1)(A). I reject the assertion that a defendant is required to allege a factual basis for his or her affirmative defenses. *See Sender v. Mann, supra,* 423 F.Supp.2d at 1163 ("an affirmative defense provides a basis for denying liability even if the facts of a complaint are true").

Moreover, I note that Chavaria makes no allegations or argument that the defenses have no possible relation to the controversy. *See Rubio ex rel. Z.R. v. Turner Unified School Dist. No. 202,* 475 F.Supp.2d 1092, 1100 -1101 (D.Kan. 2007)("[s]triking material from a pleading is a generally disfavored remedy" under Fed. R. Civ. P. 12(f), "and the Court should decline to do so unless the allegations (1) have no possible relation to the controversy, and (2) may prejudice one

of the parties"). In addition, I find that Chavaria's unsupported argument that she will be prejudiced if I allow Peak Vista to maintain these affirmative defenses – in that she has lack of fair notice, that the lack of factual basis will expand the scope of discovery, and that the defenses constitute a "planned tactic to attempt to surprise" her – to be unfounded and untenable.

Finally, I reject Chavaria's claims that Peak Vista's seventh affirmative defense – that she was contributorily or comparatively negligent – is legally insufficient on the basis that her "negligence is not legally relevant." Peak Vista asserts that this affirmative defense was pled in response to Chavaria's negligent/reckless retention/supervision claim. Such defense is viable to this claim and is included in Colorado Jury Instructions - Civil 4th 9:22 and 9:23. I disagree with Chavaria's argument to the extent she claims that *Moses v. Diocese of Colorado*, 863 P.2d 310, 327-9 (Colo. 1993) supports her argument that contributory negligence is not a defense to a negligent retention claim.

Based on the foregoing, I conclude that Peak Vista's affirmative defenses should not be stricken at this time. *See Sender v. Mann, supra,* 423 F.Supp.2d at 1163 ("[m]otions to strike are a severe remedy, and as such are generally disfavored)".

ACCORDINGLY, for the reasons stated, I DENY Plaintiff's Motion to Strike Defendant's Affirmative Defenses [**Doc # 5**].

Dated: November   5  , 2008, in Denver, Colorado.

                                                BY THE COURT:

                                                  s/Lewis T. Babcock
                                                LEWIS T. BABCOCK, JUDGE